UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff/Petitioner,

v.

PARAGON COIN, INC.,

                Defendant/Respondent.

**APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION
FOR ORDER TO SHOW CAUSE AND
JUDGMET ENFORCING COMPLIANCE WITH COMMISSION ORDER**

In this summary proceeding, Petitioner Securities and Exchange Commission applies to the Court for a judgment pursuant to Section 20(c) of the Securities Act of 1933, enforcing compliance by Respondent Paragon Coin, Inc. with a Commission order entered against it on November 16, 2018, that imposed injunctive relief and a civil penalty of $250,000, of which $75,000, plus interest, remains due and owing.  A proposed order to show cause is attached to this Application.

## JURISDICTION AND VENUE

1. This Court has jurisdiction under Sections 20(c) and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77t(c) and 77v(a).

2. Venue lies in the District of Delaware under Section 22(a) of the Securities Act

## PARTIES

3. **The Securities and Exchange Commission** ("Commission") is an agency of the United States Government.  The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.  The Commission's New York Regional Office is located at 200 Vesey Street, Room 400, New York, New York 10281-1022.

4.     **Paragon Coin, Inc.** ("Paragon") is a registered Delaware corporation.

## FACTUAL BACKGROUND

5. On November 16, 2018, the Commission issued an order, on consent, making findings, imposing penalties and a cease-and-desist order against Paragon, pursuant to Section 8A of the Securities Act. *In re Paragon Coin, Inc.*, Securities Act Release No. 10574, Admin. Proceeding File No. 3-18897 (Nov. 16, 2018). A copy of the order is attached as Exhibit 1 to the accompanying Declaration of Elizabeth Goody ("Goody Dec.").

6. The Commission Order found that from August 2017 through October 2017, Paragon offered and sold digital tokens to be issued on a blockchain, or a distributed ledger, to U.S. customers. Paragon conducted the offering to raise capital for, among other things, the development and implementation of a plan to add blockchain technology to the cannabis industry. The tokens constituted securities under the federal securities laws. However, Paragon did not register the offering pursuant to the federal securities laws, nor did it attempt to qualify for an exemption to the registration requirements.

7. As a result of these actions, the Commission Order found that Paragon willfully violated Sections 5(a) and (c) of the Securities Act, 15 U.S.C. §§77e(a) and (c), and ordered Paragon to cease and desist from committing or causing any violations and any future violations of Sections 5(a) and (c) of the Securities Act. It also ordered Paragon to pay a civil penalty of $250,000 in a series of installments: $100,000 due within 30 days; $75,000 due within 120 days; and $75,000 due within 240 days of the date of entry of the Commission Order.

8. Paragon made the first two installment payments of $100,000 and $75,000, but failed to make the final payment of $75,000. Therefore, the balance of $75,000, together with additional interest pursuant to 31 U.S.C. § 3717, remains due and owing to the Commission. Goody Dec. at ¶ 4.

9. Paragon did not seek review of the Commission Order, and its time to do so has expired pursuant to Section 9(a) of the Securities Act, 15 U.S.C. § 77i(a). Goody Dec. at ¶ 6.

## CLAIM FOR RELIEF

10. Section 20(c) of the Securities Act provides:

> Upon application of the Commission, the district courts of the United States…shall have jurisdiction to issue writs of mandamus commanding any person to comply with the provisions of this title or any order of the Commission made in pursuance thereof.

11. Enforcement proceedings such as this are summary in nature. *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003); *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007). As a result, they may be commenced by an order to show cause, rather than by first filing a summons and complaint. *See, e.g., SEC v. EZTD, Inc.,* Misc. No. 18-278 (LPS)(D. Del.); *SEC v. Global Fixed Income, LLC,* Civ. No. 16-705 (SLR)(D. Del.); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

12. This summary proceeding satisfies due process requirements. The issuance of an order to show cause will provide for prompt service of this Application upon Paragon, will set a schedule for the submission of opposition and reply papers, and will set a date, time, and place for a hearing on this Application. This provides Paragon with an opportunity to appear before this Court and be heard on the issue of whether, and to what extent, it paid or failed to pay the amount due pursuant to the Commission Order.

13. Paragon may not challenge the merits of the Commission Order. To challenge the merits, Paragon would have had to petition a United States court of appeals within 60 days of the entry of the Commission Order. It did not do so. 15 U.S.C. § 77i(a); *see also, Altman v. SEC*, 768 F. Supp. 2d 554, 558 (S.D.N.Y. 2011) *aff'd*, 687 F.3d 44 (2d Cir. 2012); *SEC v.*

*Gerasimowicz*, 9 F. Supp.2d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006); *McCarthy* at 658.

14. This proceeding, therefore, is properly commenced by service of the moving papers and an order to show cause.

WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an order directing Paragon to show cause why this Court should not enter a judgment enforcing its compliance with the Commission Order.

II.

That the Court enter a judgment enforcing the Commission Order and requiring that Paragon: (1) pay the outstanding civil penalty balance of $75,000 plus interest pursuant to 31 U.S.C. § 3717, as well as postjudgment interest pursuant to 28 U.S.C. § 1961; and (2) comply with the injunctive relief set forth in the Commission Order.

III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

IV.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

- 5 -

V.

That the Court order such other and further relief as may be just and proper.

Dated: February 24, 2021

                                                       s/ Kristina Littman
                                                       Kristina Littman
                                                       Elizabeth Goody
                                                       Attorneys for Petitioner
                                                       SECURITIES AND EXCHANGE COMMISSION
                                                       New York Regional Office
                                                       200 Vesey Street, Suite 400
                                                       New York, New York 10281-1022
                                                       (212) 336-0569 (Goody)
                                                       Email: GoodyE@SEC.gov

Of Counsel
John O. Enright
Judith Weinstock
Pamela Sawhney